GREGORIO DIMAS ET UX., Plaintiffs and Appellees, *v.* ALFREDO LÓPEZ, Defendant and Appellant.

No. 4967.  Argued May 8, 1930.—Decided March 3, 1931.

*Dubón & Ochoteco* and *Ramón S. Pesquera* for appellant.  *R. Cuevas Zequeira* for appellees.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

The following averments appear in the complaint in this case:

''2. The plaintiffs allege that on or about the end of January, 1924, they lent to the defendant, at his request, the sum of four thousand dollars, United States currency, without interest, and the defendant promised to pay to the plaintiffs the said sum within six months, counted from February 1, 1924.

''The plaintiffs allege that neither the defendant nor any other person in his name has paid to the plaintiffs the sum of four thousand dollars, which is the amount of the loan referred to in this complaint, or any part thereof.''

In the answer the following allegations are set out:

''II. The defendant denies generally and specifically the second allegation of the complaint and in his turn alleges that neither at the end of January, 1924, nor at any other time has he received from

the plaintiffs as a loan the sum of four thousand dollars or any other sum, nor has he promised to pay it within six months or within any other time, because he owes nothing to the said plaintiffs.

"III. For lack of information or belief the defendant denies the third allegation of the complaint."

Both the complaint and the answer are verified.

Upon the case being called for trial, the plaintiffs moved for a judgment on the pleadings. The court rendered judgment accordingly, in favor of the plaintiffs; and after transcribing in its opinion the above allegations, the court said:

"Such denial constitutes a typical case of a negative pregnant frowned upon by the statute and the jurisprudence."

The first error assigned by the appellant in his brief is that the court abused its discretion in granting the motion for a judgment on the pleadings.

The appellant is right. Even though there is in the answer such a queer thing as a denial "generally and specifically", it contains a denial of the facts that could hardly be made in any other way than was done therein. Where the essential averments of the complaint are denied, an issue is raised in the case.

The decision in *Somonte* v. *Mimoso,* 27 P.R.R. 368, 369, is not in point. A reading of the paragraph in the opinion referring to the form of the answer filed in that case will suffice to show the difference:

"The answer denied this averment 'in so far as it charges that this respondent has violently or otherwise deprived petitioner and her said lessee of the physical possession of any parcel of land *pertaining to the property of petitioner of the area or within the boundaries specified in said fourth averment.*' Similarly, respondent denied that he 'had removed any fence *belonging to petitioner,*' or that he 'had removed or cut *malojillo grass from the property of petitioner,*' or that he 'had employed violent means to deprive petitioner of the physical possession of the property or part thereof *belonging to petitioner,* much less to threaten with death or otherwise the peons *of the lessee of the property of petitioner.*' " 27 P.R.R. 369.

As regards the answer to the third averment, the defendant can not avail himself of the lack of information and belief regarding facts which necessarily are within his personal knowledge. The answer in that respect is deficient but can be amended. The lower court has power to act in the sense of allowing such an amendment.

It is not necessary to pass upon the other questions raised.

The judgment appealed from must be reversed and the case remanded for further proceedings not inconsistent with this opinion.